IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| RICHARD DEMURJIAN, | * |
| Plaintiff, | * |
| v. | * |
| LEE DUNBAR ET AL., | *   Civil No. 23-3180-BAH |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Richard Demurjian ("Plaintiff" or "Demurjian") brought suit against (1) Lee Dunbar ("Dunbar"), a Major in the Harford County Sheriff's Office who runs the Recruit Academy, and (2) the "Harford County Sheriff's Office-State of Maryland" (hereinafter "Sheriff's Office") (collectively "Defendants"). *See* ECF 1 (complaint); ECF 22 (first amended complaint).[1] Specifically, Plaintiff brings a 42 U.S.C. § 1983 claim for unlawful search and seizure in violation of the Fourth and Fourteenth Amendments[2] against Dunbar in his individual capacity only (count

---

[1] Plaintiff had previously attempted to file the amended complaint at ECF 17. However, an erroneously issued (and later rescinded) quality control notice instructed Plaintiff to file a motion for leave to file an amended complaint. *See* ECF 18. Plaintiff's motion for leave, ECF 19, was granted, ECF 21. The first amended complaint at ECF 22 is the same document filed at ECF 17. The Court will refer only to ECF 22 as the first amended complaint.

[2] The Court assumes Plaintiff's citation to the Fourteenth Amendment to refer to the doctrine of incorporation, not as a standalone claim. *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961) (explaining that the Fourteenth Amendment incorporated the Fourth Amendment as applicable to the states). Plaintiff's complaint makes clear that he only brings suit for unlawful search and seizure, not any due process violation, so the Court analyzes the claims under only the Fourth Amendment. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("*Graham* . . . requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989))).

I) and a claim for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") against the Sheriff's Office only (count II).[3] ECF 22, at 5 ¶¶ 30–31. Pending before the Court is Defendants' motion to dismiss or, in the alternative, for summary judgment. ECF 25. The motion includes a memorandum of law, ECF 25-1, and two exhibits: an affidavit by Dunbar, ECF 25-4, and the Equal Employment Opportunity Commission and Maryland Commission on Civil Rights charge of discrimination, ECF 25-5.[4] Demurjian filed an opposition, ECF 28, and Defendants filed a reply, ECF 33. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

The following facts are taken from the operative complaint and, at the motion to dismiss stage, must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Demurjian was a 61-year-old "Deputy Sheriff Trainee Recruit" with the Sheriff's Office after a forty-year career in law enforcement with other agencies. ECF 22, at 2 ¶¶ 7–8. He alleges that on March 23, 2023, while he was "under instruction at the Harford County Sheriff's Office Recruit Academy," four Sheriff's Office deputies conducted an extensive search of Demurjian's vehicle at the direction of Dunbar. *Id.* at 3 ¶ 12. The search occurred without Demurjian's knowledge or consent, without probable cause, and without a warrant. *Id.* ¶¶ 13–14. The search uncovered "professional law enforcement entry tools, a canine catch pole, medical supplies, six rounds of snake shot, and a locked box." *Id.*

---

[3] The body of the operative complaint alleges "Defendant Sheriff's Office violated the Americans with Disabilities Act." ECF 22, at 5 ¶ 31. However, the heading lists the cause of action as a violation of the "Age Discrimination in Employment Act," and the complaint otherwise makes clear that Plaintiff alleges discrimination based on age, not disability. *See, e.g., id.* at 1 ¶ 1 (noting that Defendants' conduct was carried out "on account of [Plaintiff's] age").

[4] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

¶ 16. Plaintiff was then "removed from instruction and was escorted to his car by four [d]eputies, who acted, upon information and belief, at Defendant Dunbar's request, and was ordered, against his will and without a warrant, to open and empty the contents of the locked box. All it contained was Plaintiff's wallet." *Id.* ¶ 17. "Subsequently, Plaintiff was interrogated by Defendant Dunbar and three other ranking members of the Sheriff's Office as to the reason he was in possession of rescue and mechanical equipment in his car. Plaintiff was not free to leave the interrogation and was not read his Fifth Amendment rights." *Id.* at 3–4 ¶ 18. Plaintiff alleges that no Sheriff's Office trainee recruits younger than Demurjian were "subjected to the same degree of scrutiny," *id.* at 4 ¶ 21, and that the search "was conducted to intimidate and harass Plaintiff due to his age, in order to cause him to quit," *id.* ¶ 22. "On the same day as the search, Plaintiff withdrew his application to [the Sheriff's Office] and has been unemployed since that date." *Id.* ¶ 24.

In the motion to dismiss, or, in the alternative for summary judgment, Defendants argue that Demurjian failed to state a claim against Dunbar because he has not pled facts to establish a claim of supervisory liability under § 1983 for the allegedly unlawful search, ECF 25-1, at 5–7, and that he failed to allege facts to support an unlawful seizure claim against Dunbar for the alleged interrogation, especially considering the unique circumstances where the alleged Fourth Amendment violation was perpetrated by a government employer, *id.* at 7–8. Relying on the affidavit submitted by Dunbar in which he attests that he "did not command, direct, or order the search of Mr. Demurjian's vehicle," ECF 25-4, at 2 ¶ 6, Defendants further argue that summary judgment is appropriate on the illegal search claim, ECF 25-1, at 8. As to the age discrimination claim against only the Sheriff's Office, Defendants argue that the Sheriff's Office is not an entity capable of being sued and that the State of Maryland is otherwise is protected by sovereign immunity. *Id.* at 9–10.

3

Plaintiff responds that he brings a direct liability, not supervisory liability, claim against Dunbar for the search and that he has plausibly alleged such a claim. ECF 28, at 8–9. Plaintiff asserts that summary judgment is not appropriate on this claim prior to discovery. *Id.* at 10–11. While Plaintiff acknowledges that Rule 56(d) permits a party to submit an affidavit asserting that more discovery is needed to defeat a motion for summary judgment, *id.* at 6–7, he also asserts that "[n]o affidavit from Plaintiff is necessary" here because the "need for at least several depositions about who authorized officers to search a trainee's car, if Dunbar did not, is apparent," *id.* at 11. As to the seizure claim, Plaintiff asserts that he did not allege that the deputies were acting as a "government employer," and that in drawing all reasonable inferences in Plaintiff's favor, the complaint properly alleges that a reasonable person in Plaintiff's shoes would not have believed that he was free to leave. *Id.* at 9–10. Plaintiff alternatively seeks leave to amend the complaint, contending that Defendants did not raise this issue in the first motion to dismiss, which was mooted by the filing of the first amended complaint. *Id.* at 10.

As to count II, Plaintiff concedes that sovereign immunity precludes his claim against the Sheriff's Office under the ADEA. *Id.* at 11. However, he asks for leave "to convert it to a pendent claim under Md. Code [Ann.], State Gov't § 20-606 (known as Title 20) [the Maryland Fair Employment Practices Act ('FEPA')]." *Id.* In reply, Defendants reiterate their argument that Plaintiff has failed to state a claim for an unlawful search or seizure and assert that the Court should enter summary judgment for Dunbar on this claim (pointing out that Plaintiff has not filed an affidavit under Rule 56(d)). ECF 33, at 2–6. They also reiterate that the Sheriff's Office is not capable of suit and that the Court should not permit Plaintiff leave to "convert" his claim to one under Maryland's FEPA because (1) he did not move for leave to amend and (2) Eleventh Amendment immunity bars plaintiffs from bringing such a claim in federal court. *Id.* at 7–8.

4

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

## III. ANALYSIS

### A.   Plaintiff's § 1983 Claim Against Dunbar for Fourth Amendment Violations

42 U.S.C. § 1983 provides "a method for vindicating federal rights." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotation omitted). It allows suits against any "person" acting under color of state law who subjects the plaintiff to "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. The Fourth Amendment protects individuals' "persons, houses, papers, and effects[] against unreasonable searches and seizures." U.S. Const. amend. IV. "The Fourth Amendment applies as well when the Government acts in its

5

capacity as an employer." *City of Ontario v. Quon*, 560 U.S. 746, 756 (2010) (citing *Treasury Employees v. Von Raab*, 489 U.S. 656, 665 (1989)); *see also O'Connor v. Ortega*, 480 U.S. 709, 715 (1987) (plurality opinion) ("Searches and seizures by government employers or supervisors of the private property of their employees . . . are subject to the restraints of the Fourth Amendment.").

1. Plaintiff's Unlawful Search Claim

    i. *The Court Will Treat the Motion as a Motion to Dismiss, Not as One for Summary Judgment.*

As an initial matter, the Court must determine whether to convert the motion as a one for summary judgment on this claim. When presented with a motion to dismiss or, in the alternative, a motion for summary judgment, the disposition of the motion "implicates the [C]ourt's discretion under Rule 12(d) of the Federal Rules of Civil Procedure." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 625 (D. Md. 2020). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Under Rule 56(d), the Court may defer considering such a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."

As noted, attached to the motion is Dunbar's affidavit stating that "[Dunbar] did not command, direct, or order the search of Mr. Demurjian's vehicle." ECF 25-4, at 2 ¶ 6. In opposition, Demurjian asserts that the Court should disregard this affidavit and not treat the motion as one for summary judgment because of "[t]he apparent need for at least several depositions about who authorized officers to search a trainee's car, if Dunbar did not." ECF 28, at 10–11. Demurjian

6

did not attach an affidavit to his opposition, expressly noting that he did not believe one was needed under such "apparent" circumstances. *Id.*

The Fourth Circuit has explained that generally "'[a] reference to Rule 56[(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56[(d)] affidavit.'"[5] *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Servs. Co.,* 80 F.3d 954, 961 (4th Cir. 1996)). However, where "the nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery, and when fact-intensive issues, such as intent, are involved, courts have not always insisted on a Rule 56[(d)] affidavit if ... the nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244–45 (quoting *First Chicago Int'l v. United Exch. Co.,* 836 F.2d 1375, 1380 (D.C. Cir. 1988)). Demurjian has not yet had an opportunity to conduct discovery since this case is at the motion to dismiss stage, and Dunbar's potential liability for the search would depend on a fact-based inquiry into the extent of his involvement in the search. Further, while Demurjian did not submit an affidavit, the Court is satisfied that his statement in the opposition regarding the need for "at least several depositions about who authorized officers to search a trainee's car" is the functional equivalent of an affidavit under Rule 56(d). ECF 28, at 10. As such, the Court will not treat the motion as one for summary judgment and will instead evaluate the motion as one to dismiss.

---

[5] The quoted language refers to Rule 56(f) rather than Rule 56(d). *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 244 (4th Cir. 2002). Rule 56 was amended in 2010, with the relevant language moved from Rule 56(f) to 56(d) without substantive change. *See McCray v. Md. Dep't. of Transp., Md. Transit Admin,* 741 F.3d 480, 484 n.2 (4th Cir. 2014).

7

>    *ii.   The Complaint States a § 1983 Claim for Unlawful Search in Violation of the Fourth Amendment Against Dunbar.*

Defendants argue that Plaintiff's complaint fails to state a § 1983 claim of supervisory liability for the allegedly unlawful search against Dunbar. ECF 25-1, at 5–6. "Under § 1983, a state actor may be liable if he 'subjects, or causes to be subjected' an individual 'to the deprivation of any rights, privileges, or immunities secured by the Constitution.' As a general matter, a law officer may incur § 1983 liability only through affirmative misconduct." *Randall v. Prince George's Cnty.*, 302 F.3d 188, 202 (4th Cir. 2002). In opposition Demurjian clarifies that his theory of liability "is one of direct liability as a wrongful actor," not one of supervisory liability. ECF 28, at 8–9. In reply, Defendants do not contend that Plaintiff has not stated a direct § 1983 claim against Dunbar, instead reasserting that Plaintiff did not state a supervisory liability claim and relying on Dunbar's affidavit in arguing that summary judgment should be granted on this claim. ECF 33, at 2 ("[E]ven if Major Dunbar had directed or requested the search of the vehicle, Mr. Demurjian fails to state a claim of supervisory liability, because he has not alleged any widespread, pervasive, or repeated conduct."); *id.* at 4–6.

To state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Demurjian alleges that four Sheriff's deputies conducted the warrantless search of his vehicle, including the locked box inside his car, "on the direction of Defendant Dunbar" and in the absence of probable cause or Demurjian's consent. ECF 22, at 3 ¶¶ 12–15. "Personal involvement and affirmative misconduct or tacit authorization are necessary to establish the direct liability of a supervisor." *Armstrong v. City of Greensboro*, 190 F. Supp. 3d 450, 464 (M.D.N.C. 2016); *see also De Ventura v. Keith*, 169 F. Supp. 2d 390, 395 (D. Md. 2001) ("Section 1983 creates a cause

of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." (quoting *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996))).

While Plaintiff does not allege that Dunbar searched Plaintiff's car himself, Dunbar's alleged instruction that subordinate deputies do so is sufficient personal involvement to state a direct liability claim, especially given that Defendants do not appear to argue otherwise. While Plaintiff's complaint may be bereft of additional details that would contextualize the incident, Plaintiff's allegation that Dunbar ordered a search of his vehicle and the locked box inside without probable cause, a warrant, or Plaintiff's consent is sufficient to state a plausible § 1983 claim based on the allegedly unlawful search.[6] Thus, this claim, asserting direct liability under § 1983 against Dunbar in his individual capacity for the allegedly unlawful search, survives the motion to dismiss.

---

[6] The Court recognizes that "probable cause" is not always the measure of reasonableness when the entity conducting the search is a government employer. In *Quon*, the Supreme Court adopted the approach that had previously been articulated in *O'Connor* plurality's approach:

> when conducted for a "noninvestigatory, work-related purpos[e]" or for the "investigatio[n] of work-related misconduct," a government employer's warrantless search is reasonable if it is "'justified at its inception'" and if "'the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of'" the circumstances giving rise to the search.

*Quon*, 560 U.S. at 761–62 (alterations in original) (quoting *O'Connor*, 480 U.S. at 725–26). Here, Plaintiff repeatedly alleges that the search was conducted without a warrant or probable cause. *See* ECF 22, , at 1 ¶ 1, at 3 ¶ 14, at 4 ¶ 20. However, Plaintiff has not alleged whether the unlawful search was conducted as part of a criminal investigation, where "probable cause" would be the relevant standard, or for a workplace-related reason, where a less stringent standard would apply. As Defendants have not raised any issue on this point, the Court will not address it.

### 2. Plaintiff's Unlawful Seizure Claim

#### i. *Plaintiff Has Not Stated A Claim for Unlawful Seizure.*

Defendants assert that the complaint fails to "allege facts to support [the] unlawful seizure claim" where the entity doing the allegedly unlawful seizing is an employer. ECF 25-1, at 7. "A seizure has occurred if, in view of all the surrounding circumstances, a reasonable person would have believed that he was not free to leave." *Trulock v. Freeh*, 275 F.3d 391, 400 (4th Cir. 2001) (citing *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). "Government employers . . . may detain employees for non-criminal matters on a lesser showing than probable cause." *Francis v. Giacomelli*, Civ. No. WDQ-07-3034, 2008 WL 7469231, at *2 (D. Md. July 16, 2008) (citing, e.g., *O'Connor*, 480 U.S. at 723), *aff'd,* 588 F.3d 186 (4th Cir. 2009). "In this context, a government employee is seized when he submits to a showing of force or lawful authority by an officer acting as a law enforcement agent, and not as a government employer." *Id.* (citing *Driebel v. City of Milwaukee,* 298 F.3d 622, 642 (7th Cir. 2002)).

The only allegation in the operative complaint regarding the allegedly unlawful seizure is the following: "Subsequent[ to the search of his car], Plaintiff was interrogated by Defendant Dunbar and three other ranking members of the Sheriff's Office as to the reason he was in possession of rescue and medical equipment in his car. Plaintiff was not free to leave the interrogation and was not read his Fifth Amendment rights." ECF 22, at 3–4 ¶ 18. In his opposition, Plaintiff asserts that this "brief description" is sufficient to establish "that a 'reasonable person' would have believed that he was not free to leave." ECF 28, at 10. More specifically, Plaintiff asserts that the complaint's allegation "that he was 'not free to leave the interrogation,' . . . indicates that he believed that he was already being detained," *id.* at 9 (citing ECF 22, at 4 ¶ 18), and that he need not allege in detail "where he was restrained" because "it [is] fair to assume

he was questioned back in the training headquarters," *id.* Plaintiff appears to contend that because he did not allege that Dunbar was acting as a government employer rather than in a law enforcement capacity, the Court must draw the inference that probable cause, not a lower standard, is the applicable measure of reasonableness. *See id.*

*Trulock* is instructive. There, the Fourth Circuit affirmed a district court's finding that the plaintiff had failed to state a claim of unlawful seizure where the plaintiff was interviewed by FBI agents at her workplace. 275 F.3d at 398, 400–01. The court found that the plaintiff's allegations that agents would not allow her to call anyone during the interview or take phone calls in private were insufficient to establish a seizure. *Id.* at 400–01. The court noted the lack of any allegations that the agents used physical force, threatening language, or an intimidating tone, and that the agents were not wearing uniforms or displaying weapons. *Id.* Like the plaintiff in *Trulock*, Demurjian has failed to allege facts that would support a claim of unlawful seizure, such as the use of force, display of weapons, threatening language, or intimidating tone. *Trulock*, 275 F.3d at 400–01. Nor has Plaintiff alleged that he attempted to leave (and was not permitted to do so), or even explain how the "interrogation" ended.

Even if the Court were to assume that that probable cause is the applicable standard, Plaintiff has not stated a claim. The statement that Demurjian was interrogated by Dunbar and the deputies and the conclusory allegation that he was "not free to leave" are not sufficient to state a claim of unlawful seizure. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Trulock*, 275 F.3d at 400. Plaintiff has not stated a claim for unlawful seizure in violation of the Fourth Amendment and under § 1983.

> *ii.* *The Court Will Not Grant Plaintiff Leave to Amend at this Time.*

In his opposition, Plaintiff request leave "to file a second, more detailed amended complaint" should the Court determine that he has not stated a claim. ECF 28, at 10. Because Demurjian has already amended his complaint once as a matter of course, he may only amend again "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Demurjian's informal request to amend in his opposition is not properly made. *See Woodward v. GEICO Advantage Ins. Co.*, Civ. No. GLR-21-952, 2022 WL 2953053 (D. Md. July 25, 2022) (examining a plaintiff's request for leave to file an amended complaint in his opposition to a motion to dismiss and finding that "such an informal request does not comport with the Federal Rules or the Local Rules of this Court" (citing Fed. R. Civ. P. 7(b); Loc. R. 103.6 (D. Md. 2021))); *see* Loc. R. 103.6 (D. Md. 2023) (listing requirements for amendments to pleadings). Where a request for leave to amend is made outside the bounds of a formal motion, a court is likely to deny the request if it does not specify what the proposed amendment is and what it will accomplish. *See, e.g., Francis*, 588 F.3d at 197 ("[P]laintiffs failed to provide the district court with a means by which to determine whether the amendment would cure the defects in the initial complaint. In the[se] circumstances, we conclude that the district court did not abuse its discretion in failing to give the plaintiffs a blank authorization to 'do over' their complaint."); *Estrella v. Wells Fargo Bank, N.A.*, 497 F. App'x 361, 362 (4th Cir. 2012) (holding that a district court does not abuse its discretion by denying leave to amend where "the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments he wishes to make"); *Hall v. JPMorgan Chase Bank, N.A.*, Civ. No. JKB-19-2510, 2020 WL 1452132, *8 (D. Md. Mar. 25, 2020) (denying a plaintiff leave to amend to add new facts and new

12

causes of action as procedurally improper where he "did not file a motion or submit a proposed amended complaint" and "merely expressed his wish to amend in his opposition brief").

Demurjian's request to provide "more detail[]," without any suggestion as to what that detail would be, does not "provide the district court with a means by which to determine whether the amendment would cure the defects in the initial complaint." *Francis*, 588 F.3d at 197. Moreover, although Demurjian asserts that leave to amend should be granted because Defendants did not raise "any of these issues" concerning the unlawful seizure claim in their first motion to dismiss the initial complaint, which would presumably have prompted him to amend this claim by adding more detail in the first amended complaint, ECF 28, at 10, Defendants did argue in that motion that Demurjian had failed to allege "any show of force or authority by law enforcement compell[ing] [Demurjian] to participate [in the interrogation]." ECF 15-1, at 6. If Demurjian had additional factual allegations in support of his unlawful seizure claim, Defendants' argument in the original motion to dismiss should have prompted Demurjian to include them in his first amended complaint. Plaintiffs' request for leave to amend is denied.

### B.     Plaintiff's Age Discrimination Claim

The second cause of action alleged in the complaint is against the Sheriff's Office for discrimination against Demurjian on the basis of his age under the ADEA. ECF 22, at 5 ¶ 31. In response to Defendants' motion to dismiss, Demurjian concedes that he cannot not sue the Sheriff's Office, a state agency, under the ADEA.[7] ECF 28, at 11. However, Demurjian requests

---

[7] Plaintiff's concession is imprecise, but the effect is the same. The "Harford County Sheriff's Office-State of Maryland" is not an entity capable of being sued. *See State v. Rovin*, 246 A.3d 1190, 1196 n.3 (Md. 2021) (holding the Wicomico County Sheriff's Office was not a legal entity subject to suit); *Boyer v. State*, 594 A.2d 121, 128 n.9 (Md. 1991) (holding the "'Sheriff's Department' is not an entity capable of being sued"); *Coster v. Maryland*, Civ. No. GLR-21-65, 2021 WL 5605027, at *11 (D. Md. Nov. 30, 2021) ("As Defendants correctly argue, Maryland courts have long recognized that a county sheriff's office is not a legal entity capable of being sued."); *Harts v. Calvert Cnty. Sheriff*, Civ. No. 22-3192-BAH, 2024 WL 944321, at *12 (D. Md.

permission to convert the claim to one under Maryland's FEPA. *Id.* Defendants assert in their reply that the Sheriff's Office is "immune from suit in federal court for alleged violations of State Gov't § 20-606." ECF 33, at 7.

Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless that state consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (citing *Fla. Dep't of Health v. Fla. Nursing Home Assn.*, 450 U.S. 147 (1981) (per curiam)). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely whether it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). Indeed, the Fourth Circuit has found that Eleventh Amendment immunity bars Maryland FEPA claims from being brought in federal court. *See Pense v. Md. Dep't of Pub. Safety & Corr. Servs.*, 926 F.3d 97, 102 (4th Cir. 2019).

Because Demurjian concedes that the Sheriff's Office, as a state agency, is immune from suit under the federal ADEA and because the Sheriff's Office is also immune from suit in federal court under Maryland's anti-discrimination law, the Court must dismiss the Sheriff's Office. The motion to dismiss is granted on this claim.

---

Mar. 5, 2024) (dismissing claims against the Calvert County Sheriff's Department as it was not an entity capable of suit). If the Court were to construe this claim as being brought against the State of Maryland, Plaintiff concedes that sovereign immunity prevents him from doing so. *See* ECF 28, at 11; *McCray*, 741 F.3d at 483.

14

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, ECF 25, is granted in part and denied in part. The motion is granted as to Plaintiff's § 1983 claim for unlawful seizure against Dunbar and as to Plaintiff's age discrimination claims. The only surviving claim is Plaintiff's § 1983 claim for unlawful search against Dunbar. A separate implementing Order will issue.

Dated: February 5, 2025                                  /s/
                                          Brendan A. Hurson
                                          United States District Judge