IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD DEMURJIAN,

    Plaintiff,

v.                                      Civil No. 23-3180-BAH

LEE DUNBAR,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Richard Demurjian ("Plaintiff" or "Demurjian") originally filed this lawsuit against Major Lee Dunbar ("Dunbar") and the "Harford County Office-State of Maryland" ("Sheriff's Office") (collectively "Defendants"). *See* ECF 1 (complaint); ECF 22 (first amended complaint). Pending before the Court is Plaintiff's motion for leave to file a second amended complaint (the "Motion"), ECF 45, which Dunbar opposes, ECF 47. Plaintiff has filed a reply, ECF 48.[1] All filings include memoranda of law, and the Motion includes exhibits.[2] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Demurjian's Motion is **GRANTED**.

---

[1] The Court notes that Plaintiff filed his reply nearly two weeks late, on August 12, 2025. ECF 48. Because Plaintiff's reply essentially reiterates the arguments made in the Motion, the Court need not consider it in ruling on the Motion.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

## I. BACKGROUND

Demurjian filed the operative complaint[3] on February 28, 2024.[4] ECF 22 (first amended complaint). Defendants moved to dismiss, ECF 25, which was granted in part and denied in part, dismissing Plaintiff's § 1983 claim for unlawful seizure against Dunbar and Plaintiff's age discrimination claim against the Sheriff's Office. ECF 34. Only Plaintiff's § 1983 claim against Dunbar alleging an unlawful search survived, and the Sheriff's Office was dismissed from the action. *Id.* A scheduling order issued, setting a deadline of April 7, 2025, for moving for joinder of additional parties and amendment of pleadings. ECF 37, at 2. The remaining parties then engaged in discovery. *See* ECFs 44 & 46.

Demurjian now seeks to amend his complaint, proposing to dismiss Dunbar from the action completely, and add Sheriff's Office employees Christopher Henize, John Perry, Matthew Wright, Wade Ward, and Cameron Burns as defendants (the "New Defendants"), alleging an unlawful search and seizure in violation of Plaintiff's constitutional rights. ECF 45-1, at 6. The proposed second amended complaint also removes Demurjian's age discrimination claim. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give

---

[3] The relevant factual allegations are set forth in the Court's previous memorandum opinion, ECF 34, thus the Court assumes familiarity with that opinion.

[4] Plaintiff originally attempted to file the first amended complaint without leave of the Court on February 14, 2024, as permitted under Federal Rule of Civil Procedure 15(a)(1)(B). *See* ECF 17. The Court erroneously issued a quality control notice indicating that a motion for leave was required after Plaintiff filed a first amended complaint. *See* ECF 18. The quality control notice, which was later rescinded, led Plaintiff to file a motion for leave to file the first amended complaint, ECF 19. The Court granted Plaintiff's motion, ECF 21, and thus the operative complaint was docketed on February 28, 2024, ECF 22.

leave [to amend] when justice so requires." *Id.* Moreover, the Fourth Circuit has explicitly directed trial courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, courts only deny leave to amend if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Id.* Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Id.*; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

However, as is the case here, when a party "moves to amend after the deadline established in the scheduling order for doing so, Rule 16(b)(4) becomes the starting point in the Court's analysis." *Wonasue v. Univ. of Md. Alumni Ass'n*, 295 F.R.D. 104, 106 (D. Md. 2013); *see Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020). Rule 16 governs scheduling, case management, and amendment of pleadings filed beyond the deadline set forth in a scheduling order. *See* Fed. R. Civ. P. 16. "Under Rule 16(b)(4), a movant must demonstrate good cause to satisfy the requirement for a modification of a scheduling order." *United States ex rel. Schnupp*, 2025 WL 2306250, at *13. (collecting cases); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). To satisfy "good cause" a movant must demonstrate diligent efforts to comply with the scheduling order. *Id.*

In evaluating diligence, courts mainly focus "'[on] the timeliness of the motion to amend and the reasons for its tardy submission.'" *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (alteration in *Elat*) (quoting *CBX Techs., Inc. v. GCC Techs., LLC*, Civ No. JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (internal quotation marks omitted)). "When 'at

least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline,' a plaintiff has good cause for moving to amend at a later date." *Wonasue*, 295 F.R.D. at 107 (quoting *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768– 69 (D. Md. 2010)). If the movant has been diligent, a court may then also consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat*, 993 F. Supp. 2d at 520.

### III. <u>ANALYSIS</u>

Plaintiff asserts that the Court should grant the Motion because the "alternative [of] dismiss[ing] the current complaint" would be a "waste of Court resources since the new suit would require no discovery (assuming [the New Defendants] are represented by the Office of the Attorney General)." ECF 45, at 1–2 ¶ 5. Dunbar objects on the basis that Demurjian fails to show "good cause to amend the complaint three months after the deadline in the scheduling order," as required by Federal Rule of Civil Procedure 16. ECF 47-1, at 4. Plaintiff does not address Rule 16 in the Motion or his reply. *See* ECFs 45 & 48. Plaintiff suggests it would be fair for the Court to grant the Motion "conditioned on the service of the Second Amended Complaint on the new parties within 14 days of the issuance of the Summonses." ECF 45, at 2.

Plaintiff contends that the proposed amended complaint "comes about as a result of discovery" which "established that Dunbar did not engage in, or direct the search" of Plaintiff's vehicle, but rather the New Defendants "search[ed his] vehicle . . . without probable cause." ECF 45, at 1. Dunbar argues that Plaintiff should not be permitted to file an amended complaint because he lacked diligence in making the request, considering "he has been on notice for well over a year—since March 2024—that [] Dunbar was the incorrect defendant, when [] Dunbar affirmed, under penalty of perjury, that he 'did not command, direct, or order the search of Mr. Demurjian's vehicle.'" ECF 47-1, at 5 (quoting ECF 25-4, at 2). Plaintiff states that it was not until after

4

depositions concluded on June 26, 2025 that he was able to confirm the identity of those involved in the alleged search of his vehicle. ECF 45, at 1.

"[N]ew information uncovered during the course of discovery constitutes good cause sufficient to satisfy the rigors of Rule 16, when such information is relayed to the Court promptly and diligently." *Brightview Group, LP v. Glynn,* Civ. No. SAG-21-3027, 2022 WL 743937, at *11 (D. Md. Mar. 11, 2022). "'[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent.'" *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 181 (4th Cir. 2008) (quoting *Deasy v. Hill,* 833 F.2d 38, 41 (4th Cir. 1987)). Here, Plaintiff deposed Dunbar, Wade Ward, and Cameron Burns on May 20, 2025, and Matthew Wright, Christopher Henize, and John Perry on June 26, 2025. ECF 47-1, at 2. Plaintiff also advises that he notified Dunbar of his plan to move to amend 30 days before the Motion was filed but waited for the completion of depositions for purposes of accuracy. ECF 45, at 2 ¶ 8. Plaintiff filed the Motion on July 7, 2025, eleven days after the final deposition was completed and he confirmed the identities of the New Defendants. ECF 45, at 1; ECF 47-1, at 2. Because Plaintiff moves to amend based on newly uncovered information, the Court finds that Plaintiff acted with sufficient diligence to satisfy the good cause requirement. *See Allegis Grp., Inc. v. Bero,* 689 F. Supp. 3d 81, 105 (D. Md. 2023) (granting amendment even though "plaintiffs did not act with perfect diligence" and they "were aware of the need to amend . . . nearly three months before" moving to amend), *aff'd,* No. 23-2023, 2025 WL 2141298 (4th Cir. July 29, 2025).

After determining whether a movant was adequately diligent, the Court may also consider in its determination of good cause "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat,* 993 F. Supp. 2d at 520. These factors also support granting Plaintiff leave to amend. There is no evidence

5

of, and Dunbar does not suggest, bad faith on the part of the Plaintiff. Plaintiff also asserts that amendment will not require additional discovery and thus will not cause significant further delay.[5] *Cf. Honeywell Int'l Inc. v. Opto Electronics Co., Ltd.*, Civ. No. KDB-21-506, 2023 WL 3029264, at *8 (W.D.N.C. Apr. 20, 2023) (denying motion to amend the complaint, in part, because it would require "discovery to be reopened"). There is also no indication that granting leave to amend will prejudice Dunbar since Plaintiff seeks to dismiss him from the action completely. Dunbar also does not suggest that the New Defendants will be prejudiced.

If a moving party demonstrates good cause pursuant to Rule 16(b)(4), the movant must then "satisfy the liberal standard of Fed. R. Civ. P. 15(a)." *Humane Soc'y of the U.S. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, Civ. No. DKC-13-1822, 2016 WL 3668028, at *2 (D. Md. July 11, 2016); *see also Wonasue*, 295 F.R.D. at 106–07. Dunbar does not argue that Plaintiff brings his Motion in bad faith or suggest that amendment would be futile. As such, the Court will allow amendment here. *Galustian*, 591 F.3d at 729.

Accordingly, the Court will grant Plaintiff leave to amend the complaint. The second amended complaint will supersede the first amended complaint at ECF 22. *Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529, 530 (E.D. Va. 2015) ("It is well settled that an amended pleading supersedes the original[.]" (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001))).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a second amended complaint, ECF 45, is granted, and the Clerk will be instructed to docket the second amended complaint, ECF

---

[5] Plaintiff suggests that the need for additional discovery is premised on the assumption that the Office of the Attorney General will represent the New Defendants, ECF 45, at 2 ¶ 6, which was not contested in Defendants' reply, *see* ECF 47.

45-2, and terminate Lee Dunbar as a defendant in this case. Within seven (7) days of this order, Plaintiff must file his proposed summonses for the New Defendants for the Clerk to issue. Plaintiff will have fourteen (14) days from issuance of the summonses to serve the New Defendants.

Plaintiff also indicates that he "asked for several documents not produced before, which came to [his] attention, for the first time, in the June 26, 2025, depositions. These documents have been requested, but a brief extension of discovery may be required[.]" ECF 45, at 1. Plaintiff is to file a status report regarding the aforementioned document request within seven (7) days of this order.

A separate implementing order follows.

Dated: <u>October 22, 2025</u>                                             <u>     /s/               </u>
                                                                                           Brendan A. Hurson
                                                                                           United States District Judge