IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                              |   |                        |
|------------------------------|---|------------------------|
| RICHARD DEMURJIAN,           | * |                        |
|   Plaintiff,                 | * |                        |
| v.                           | * | Civil No. 23-3180-BAH  |
| CHRISTOPHER HENIZE ET AL.,   | * |                        |
|   Defendant.                 | * |                        |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Richard Demurjian ("Demurjian") filed a second amended complaint, ECF 55, which added Defendants Christopher Henize, John Perry, Matthew Wright, Wade Ward, and Cameron Burns (the "New Defendants") to this action. Demurjian now moves for alternative service as to the New Defendants. ECF 62.

**I.   BACKGROUND**

Demurjian asks the Court to allow him to serve the New Defendants "by personal service upon a responsible official at their workplace, followed by first class mail to them at their workplace." ECF 62, at 1. Although the New Defendants have been deposed, Demurjian reports that they "gave their work location at the Harford County Sherriff's Department as their address." *Id.* ¶ 1. Demurjian further reports that he has since been "unable, with due diligence, to locate the home addresses" of the New Defendants with certainty, and although he has "some potential addresses," Demurjian does not "want to engage in a random attempt to serve process to the wrong people who may have the same name." *Id.* ¶ 2. Demurjian further asserts that counsel of record for the New Defendants has not responded to Demurjian's request for their home addresses or for consent to the type of service requested here. *Id.* ¶¶ 3–4. Other than Demurjian's citation to

Federal Rule of Civil Procedure 4, he does not invoke any rules or case law to support his motion. *See* ECF 62, at 1–2 ¶¶ 1–5.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(2) provides that an individual "within a judicial district of the United States" may be served a summons and complaint by personal delivery, delivery to an agent authorized to receive service of process, or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Rule 4(e)(1) provides, in pertinent part, that an individual defendant may be served pursuant to "state law . . . in the state where the district court is located or where service is made." Fed R. Civ. P. 4(e)(1); *see also Hecker v. Gamer*, Civ. No. 22-cv-2152-JMC, 2023 WL 1415957, at *1 (D. Md. Jan. 31, 2023) ("[An] individual may be served by any means allowed by the state where the district court is located or the state where service is to be effected." (citations omitted)). Under Maryland law, service of process may be effected upon an individual by personal delivery, "leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion," or by mailing these documents to the individual "by certified mail requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rule 2-121(a).

This Court has recognized that "[w]hile personal service is the preferred method, Maryland Rule 2-121(c) allows the Courts to customize a method of service specifically for the situation before it." *Fid Nat'l Title Ins. Co. v. M&R Title, Inc.*, Civ. No. 12-148-PWG, 2013 WL 12423808, at *2 (D. Md. Feb. 15, 2013). Maryland Rule 2–121(c) allows a court to "order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice" when the Court is "presented with an affidavit stating that good faith efforts to serve an individual defendant in accordance with Maryland Rule 2-121(a) have failed." *Wheelz Up, LLC*

2

*v. Cordero*, Civ. No. DKC 24-212, 2024 WL 2881349, at *1 (D. Md. June 7, 2024) (citing Md. Rule 2-121(c)).[1]

"To pass constitutional muster, notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, Civ. No. DKC-23-1134, 2023 WL 5671616, at *3 (D. Md. Sept. 1, 2023) (first citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); and then citing *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920–21 (4th Cir. 1996)).

### III.   ANALYSIS

Demurjian has not demonstrated that alternative service is appropriate yet.  First, Demurjian "does not detail any efforts by [a] process service" or other person or entity "to locate [the New Defendants'] current address through the perusal of other public records and databases." *Mosley v. W. Express, Inc.*, Civ. No. 25-2682-BAH, 2025 WL 2918441, at *2 (D. Md. Oct. 14, 2025) (citing *Wheelz Up, LLC*, 2024 WL 3877627, at *3).  Second, Demurjian seeks alternative service before any attempts at service at the potential addresses have been made.  *See* ECF 62, at 1 ¶ 2.  This Court does not typically permit alternative service until service has been attempted under the applicable rules.  *See, e.g.*, *id.* (denying a motion for alternative service where the plaintiff "sought alternative service less than a month after the issuance of [defendant]'s summons and before investigating other options for locating [defendant] or pursuing other permitted means of alternative service"); *Grimes v. Carpenter Mgmt. Co.*, Civ. No. TJS-24-0552, 2024 WL 3455293, at *2 (D. Md. June 20, 2024) ("Before any motion for alternative service will be

---

[1] Rule 2-121(c) also requires a finding that "that service pursuant to section (b) of [Rule 2-121] is inapplicable or impracticable."  Md. Rule 2-121(c).  Rule 2-12(b) applies to defendants who have "acted to evade service," a circumstance the Court finds inapplicable here since service has not yet been attempted on the New Defendants.

3

considered, Plaintiff must first . . . attempt to serve the defendants as provided under the rules and governing caselaw.").

Accordingly, Demurjian's motion for alternative service is **DENIED** without prejudice. However, Demurjian will be given an additional 30 days from the date of this memorandum opinion and order to effectuate service on the New Defendants. Demurjian is not barred from, if necessary, seeking additional appropriate relief from the Court. *See, e.g.*, Fed. R. Civ. P. 4(m) (allowing, "upon good cause," a court to "extend the time for service for an appropriate period"). It is so ordered.

Dated: February 26, 2026                                         /s/
                                                                Brendan A. Hurson
                                                                United States District Judge

4